IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-126-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| KAYLA JACKSON also known as Lady K, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's appeal (DE 84) of the magistrate judge's pretrial detention order entered August 16, 2019 (DE 56). Requested review having been undertaken, for reasons given below, defendant's plea for release is denied.

**BACKGROUND**

In this multi-defendant case, defendant was indicted by a federal grand jury on July 31, 2019, for the following felony drug offenses: 1) conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count 1); 2) distribution of a quantity of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 2 (Counts 7 and 12); 3) possession with intent to distribute a quantity of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 8); and 4) possession with intent to distribute 100 grams or more of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 2 (Count 30).

She appeared before the Hon. Robert B. Jones, Jr., United States Magistrate Judge, for hearing August 16, 2019, on the government's motion for pretrial detention. The magistrate judge heard testimony of Marvelia Jackson, defendant's mother, and Betty Jackson, defendant's

grandmother, as well as testimony of FBI agent Blaire Toleman. The magistrate judge orally announced decision to grant the government's motion and entered order granting the government's motion that same date. Defendant filed an appeal of the magistrate judge's order on August 29, 2019.

## COURT'S DISCUSSION

If a person is ordered detained by a magistrate judge, the person may file with the district court a motion for revocation of the order. 21 U.S.C. § 3145(b). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

Because there is probable cause to believe that defendant committed an offense subject to a maximum term of imprisonment of ten years or more under 21 U.S.C. § 801 et seq., defendant is subject by operation of law to the presumption, which may be rebutted by the defendant, that she is a risk of flight and a danger to the community, and that no condition or combination of conditions can be fashioned to assure her appearance and that she will not be a danger. 18 U.S.C. § 3142(e)(3).
2

In determining whether there are conditions of release, pursuant to § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance . . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention.). To consider whether any conditions of release will reasonably assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

Upon thorough review of the government's motion for pretrial detention, defendant's appeal, the magistrate judge's order of release, the matters of record in this case including a complete recording of the detention hearing, the court finds the well-considered decision of the magistrate judge to be correct. The government has proven by clear and convincing evidence that no conditions of defendant's release reasonably can assure the safety of the community and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required.

In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings. With respect to the nature and circumstances of the offense charged and the strength of the government's case, the span of charged criminal activity by defendant, as well as the amounts of drugs and currency involved, is significant. The court finds concerning the escalation of drug trafficking activity despite prior arrests over time, including upon most recent search of defendant's residence at which approximately $16,000.00 in currency and 760 grams of heroin were seized, along with drug packaging paraphernalia and a bucket of water for destroying evidence. The court notes defendant's criminal history apart from the charged offenses. The court also finds significant the fact that the charged offenses took place while defendant was on bond release in several instances.

Additional facts and factors favoring detention include defendant's fleeing from law enforcement, including once during a traffic stop in March 2017, which was followed by a collision of her vehicle and injury to passenger, after which defendant was missing for four days. Defendant

4

also initially attempted to flee arrest upon the date of her latest arrest. While in detention under the instant charges, defendant violated telephone restrictions while in jail and lost phone privileges.

The court has also considered mitigating evidence, such as the fact of defendant's pregnancy and health challenges. The court also has considered the testimony of defendant's proposed third-party custodian, her mother and grandmother. This evidence, however, does not provide assurance that there can be conditions imposed to reasonably assure defendant's appearance and safety of the community, particularly given history of relationship and interactions between defendant and her mother, involvement in offense of rental vehicles also used by defendant's mother, and defendant's lack of employment prior to arrest, when considered in conjunction with substantial factors enumerated above favoring detention.

In sum, the decision of the magistrate judge is correct, and detention prior to trial is necessary.

## CONCLUSION

For the reasons given, defendant's appeal (DE 84) of magistrate judge detention order is DENIED. Defendant shall remain committed to the custody of the Attorney General, subject to the provision that defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that she shall be afforded reasonable opportunity for private consultation with her counsel; and, that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 25th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge