IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-126-FL-1
NO. 7:19-CR-126-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DARION GRAHAM, a/k/a "Pluck," and | ) | |
| KAYLA JACKSON, a/k/a "Lady K," | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court on July 2, 2020, for administrative telephonic conference on trial scheduling.

At teleconference, the court advised defendant that trial of this matter was required to be conducted not later than July 12, 2020, pursuant to the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1). The court may exclude from speedy trial computation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(a)(6). The court may also exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a

nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

At conference, the court inquired how much time defense counsel and counsel for the government reasonably required to effectively prepare for trial, considering the due diligence of the parties and any complexities in the case. Counsel for the government informed the court that co-defendant Darion Graham has not indicated how he intends to plead, and therefore a joint trial of defendant Jackson and co-defendant Graham may be possible. Counsel for defendant Jackson concurred in the government's assessment that joint trial in the instant action warranted continuation, explaining that additional time is reasonably required for defense counsel to secure witnesses and prepare for trial.

Taking the parties' responses into account, the court determined it prudent to include counsel for co-defendant Graham in discussion regarding a suitable trial date. Accordingly, administrative telephonic scheduling conference is CONTINUED to Tuesday, July 7, 2020, at 1:30 p.m. Counsel for the government, defendant Jackson, and co-defendant Graham are required to attend. For the reasons stated herein, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, resulting delay will be excluded from speedy trial computation.

SO ORDERED, this the 6th day of July, 2020.


_____

LOUISE W. FLANAGAN
United States District Judge